**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MARIA RIOS, on her behalf and on
behalf of her minor son, D.R.

        Plaintiff,

v.                                                                                                     Civ. No. 08-1213 JH/GBW

Dona Ana County, Lindell Wright,
an investigator working for Dona
Ana County Sheriff's Department, and
Marvin Fielder

        Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on *Defendant Fielder's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim* [Doc. No. 8]. The issue before the Court is whether Plaintiff has stated a claim under 42 U.S.C. § 1983 and the New Mexico Tort Claims Act. Because the Court concludes that Plaintiff has not stated a claim against Fielder under either 42 U.S.C. § 1983 or the New Mexico Tort Claims Act, the Defendant's motion will be granted, and the claims against Defendant Fielder will be dismissed without prejudice.

**FACTUAL BACKGROUND**

Plaintiff has alleged the following facts in her complaint, which the Court will accept as true:

Plaintiff Maria Rios ("Rios") is the parent and legal guardian of the minor, D.R. ("D.R."), who was born on July 13, 2000, in Nebraska. Both Rios and D.R. are residents of the State of Nebraska. Defendant Marvin Fielder ("Fielder") is the natural father of D.R., who has been in Rios's sole care and custody since his birth. However, no custody order has ever been in effect with

regard to D.R. Prior to September 25, 2008, D.R. only visited his father once, when he was five years old and his father was incarcerated. For approximately one year prior to September of 2008, Rios had lived with D.R. in Durango, Mexico. On September 25, 2008, Rios and D.R. were in the process of moving back to Nebraska and stopped in Dona Ana County, New Mexico, to allow Fielder to visit with D.R.[1]

On September 25, 2008, Defendant Wright ("Wright"), a law enforcement officer employed by Dona Ana County, as well as two other employees of Dona Ana County, went to Rios's hotel and ordered her and D.R. to go to the Sheriff's Department. Once at the Sheriff's Department, Wright threatened Rios with arrest if she did not allow Fielder a two-day visitation with D.R. at Fielder's home. When Rios objected, Wright arrested her and charged her with Custodial Interference, NMSA 1978 § 30-4-4(B). Rios was transported to the county jail and booked on felony charges. No arrest warrant had been issued.

Wright also seized D.R. and either placed him in the custody of Fielder, or authorized D.R.'s placement with Fielder. Fielder placed D.R. in the care of strangers, placed D.R. in school, and had him inoculated. D.R. remained in the custody of Fielder until October 6, 2008, when the Third Judicial District Court of the State of New Mexico found that Fielder had no legal or physical custody rights to D.R.

Count I of Plaintiff's complaint alleges Defendants violated D.R.'s Fourth Amendment right to be free from unreasonable and unlawful detention and seizure. Count II alleges that Defendant

---

[1] Plaintiff's complaint alleges that on September 25, 2008, Fielder had no right to physical custody of or visitation with D.R. However, as this is a legal conclusion, rather than a fact, and since it contradicts Plaintiff's complaint that no custody order has ever been effect regarding D.R., the Court has chosen to omit this allegation from its consideration.

Wright violated Plaintiff's Fourth Amendment right to be free of unreasonable seizure by arresting and charging her with custodial interference when he had no probable cause to believe she committed a crime. Count III alleges that Defendant Wright violated state law by committing the torts of false arrest and false imprisonment. Count IV alleges that Defendants violated Plaintiff and D.R.'s Fourteenth and First Amendment rights to privacy and to familial association by invading the privacy of their familial relations and interrupting the bond between parent and child. Plaintiff further alleges that as a result of the above violations, Plaintiff and D.R. suffered injuries, mental distress, fear, severe anxiety and emotional suffering.

Plaintiff requests a trial by jury, compensatory damages, and punitive damages on her own behalf and on behalf of D.R., as well as reasonable costs and attorney's fees.

## **LEGAL STANDARD**

Plaintiff's response to Defendant's motion asserts that Plaintiff has filed an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(1). However, as no amended complaint has been entered into the official court docket, the Court will analyze the Defendant's motion according to the allegations of Plaintiff's original complaint.

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007), the Supreme Court revised the liberal construction of the Rule 12(b)(6) pleading requirement derived from *Conley v. Gibson*, which stated that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957). Under *Twombly*, which rejected *Conley*'s "no set of facts" language, in order to withstand a motion to dismiss, a complaint must "contain

3

enough allegations of fact 'to state a claim to relief that is plausible on its face." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007)).

Plausible in this context refers to the scope of the allegations in the complaint: the allegations must be such that, if assumed to be true, the plaintiff plausibly, not just speculatively, has a claim for relief. *Robbins,* 159 F.3d at 1247. *See also Twombly,* 550 U.S. at 563 ("if [the allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible'").

In addition, Rule 8(a)(2) requires more than a blanket assertion of entitlement to relief. "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests." *Twombly*, 550 U.S. at 1965. The court will not assume that a plaintiff "can prove facts which it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged." *Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897, 902 (1983).

## DISCUSSION

It is difficult to determine from the face of the complaint which claims Plaintiff is asserting against Fielder, and which, if any, are asserted against only Wright. Accordingly, the Court will address all counts of the complaint below.

Count III of the Plaintiff's complaint alleges false imprisonment and interference with rights under New Mexico law. Under New Mexico law, the tort of false imprisonment occurs when a person intentionally confines or restrains another person without consent and with knowledge that he has no lawful authority to do so. *Santillo v. New Mexico Dep't. Of Public Safety*, 2007-NMCA-

159, ¶12, 143 N.M. 84, 88 (2007) (quoting *Diaz v.Lockheed Elecs.*, 95 N.M. 28, 31-32, 618 P.2d 372, 375-76 (Ct. App. 1980) (Sutin, J., specially concurring)).  A false arrest is merely one way of committing false imprisonment. *Id.*  Count III of Plaintiff's complaint appears to be solely about Plaintiff's arrest and imprisonment, and not about D.R., as it specifically highlights Plaintiff without reference to D.R.  Further, Count III deals specifically and exclusively with Defendant Wright's conduct: nowhere does the complaint allege that Fielder played a role in Plaintiff's arrest.  In addition, to the extent Count III could be construed to include Fielder, there could be no knowing lack of lawful authority on the part of Defendant Fielder, when there was no custody order in effect with regard to D.R. and when it was the police who gave D.R. to Fielder.  Finally, nowhere does Count III mention either Defendants as a group, or Defendant Fielder specifically.  For these reasons, Count III does not state a claim against Defendant Fielder.

Counts I, II, and IV are all constitutional claims brought under 42 U.S.C. § 1983.  A claim under which relief may be granted to Plaintiffs under 42 U.S.C. § 1983 must contain at least two elements. *Johnson v. Rodrigues (Orozco)*, 293 F.3d 1196, 1202 (10th Cir. 2002).  The Plaintiff must first show that either she or D.R. has been deprived of a constitutional right.  *Id*. at 1202. Plaintiff must then show that defendants deprived them of this right acting "under color of any statute" of the state. *Id*.  In order for these claims to be brought against a private individual such as Fielder, the Plaintiff must present sufficient factual allegations to assert that he was acting under color of state law.

The Court uses a two-part test to determine whether a private individual's actions constitute state action for the purpose of a § 1983 claim.  First, the deprivation must be caused by some right or privilege created by the State, or by a rule of conduct imposed by the State, or by a person for whom the State is responsible. *Id*. (quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937,

102 S.Ct. 2744 (1982)).  Second, the party charged with the deprivation must be someone who may fairly be called a state actor. A party can satisfy this requirement if he is a state official, if he has acted together with or has obtained significant aid from state officials, or if his conduct is otherwise chargeable to the state. *Id*. (quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937, 102 S.Ct. 2744 (1982)).  Regarding the second element, the Court has articulated a variety of tests to determine when private parties should be deemed state actors for the purposes of state action analysis. *Gallagher v. "Neil Young Freedom Concert,"* 49 F.3d 1442, 1447 (10th Cir. 1995).  The four tests the Tenth Circuit has applied are: 1) the public function test, 2) the nexus test, 3) the symbiotic relationship test, and 4) the joint action test. *Rodrigues (Orozco)*, 239 F.3d at 1202.

The public function test requires determining whether the State has delegated to a private party a function traditionally or exclusively reserved to the States. *Gallagher,* 49 F.3d at 1447.

Under the nexus test, the Plaintiff must show that there is a sufficiently close nexus between the State and the challenged conduct, such that the conduct may "be fairly treated as that of the state itself." *Rodriguez (Orozco)*, 239 F.3d at 1203 (quoting *Gallagher,* 49 F.3d at 1448). The Tenth Circuit has held that under this test,  private conduct will normally only be considered state conduct when the state has exercised coercive power over the private party or has provided so much overt or covert encouragement that the choice to engage in such conduct is considered to be that of the State. *Id.* at 1203 (quoting *Gallagher* 49 F.3d at 1448).

Under the symbiotic relationship test, the relationship between the State and the private actor whose conduct is challenged must be so entwined that the state must be recognized as a joint participant in the challenged activity. *Id.* at 1204. In other words, the state must have inserted itself into a position of long-term interdependence with the private actor.  *Id.*

Under the joint action test, the Court has found state action to be present if a private actor

6

is a "willful participant in joint action with the State or its agents." *Gallagher*, 49 F.3d at 1453 (citing *Dennis v. Sparks*, 449 U.S. 24, 101 S.Ct. 183 (1980)). Under this test, courts analyze whether state officials and private actors have acted in concert by engaging in conduct that deprives the Plaintiff of her constitutional rights. Most decisions hold that if there is "a substantial degree of cooperative action between state and private officials, or if there is 'overt and significant state participation' in carrying out the deprivation of the Plaintiff's constitutional rights, state action is present." *Rodrigues (Orozco),* 239 F.3d at 1205 (citing *Gallagher*, 49 F.3d at 1454, citing *Hoai v. Vo*, 935 F.2d 308, 313 (D.C. Cir. 1991)).

Although the complaint asserts that Fielder acted under color of state law in seizing D.R., there are insufficient facts alleged to support this legal conclusion. The complaint merely describes Fielder as an individual who, through the use and power of Defendant Wright, acted under color of state law; however, Plaintiff alleges no facts showing that Fielder acted under color of state law pursuant to the tests of public function, nexus, symbiotic relationship, or joint action. Specifically, although the Complaint concludes that Fielder's action was under color of state law, there is nothing in the factual allegations to suggest that Fielder used Defendant Wright or his power to deprive Plaintiffs of their constitutional rights.

Count I, the Fourth Amendment Claim of unreasonable and unlawful detention and seizure of D.R., claims that "Defendants" seized D.R. and retained custody of him without a court order or any legal basis. However, the facts of the complaint establish that it was Defendant Wright who seized D.R. and placed him in the custody of Fielder, or authorized D.R.'s placement with Fielder. The only facts specific to Fielder were that D.R. remained in his custody until the October 6, 2008 Court order, and that Fielder placed D.R. in the care of strangers, placed D.R. in school, and had him inoculated. Plaintiff alleges no facts suggesting Fielder's activity was either sanctioned by or a part

7

of state action.  Barring some connection linking Fielder's actions to state action, Plaintiff has not stated a claim in Count I.

Count II, Plaintiff's claim of wrongful arrest in violation of the Fourth Amendment, fails against Fielder for the same reason.

Count IV, the Fourteenth and First Amendment Claims for interference with familial associations, claims that Defendants violated Plaintiff's and D.R.'s rights to privacy and to familial association by invading the privacy of their familial relations and breaking the bond between parent and child.  It further says that without cause or due process Defendant Wright took Plaintiff's child and placed him in Fielder's custody.  The complaint contains no factual allegations that Fielder had a role in Defendant Wright's seizure of the child.  Nor are there any allegations of any affirmative activity on the part of Fielder; the complaint alleges only that he accepted custody without a court order.  This simply does not rise to activity under the color of state law.  Plaintiff does not allege that Fielder was performing a traditionally public function.  There are no facts stating a close nexus between the State and the alleged conduct. Nor does the complaint describe an intricately interwoven relationship between Fielder and Wright, a state agent, or between Fielder and the State itself. Finally, although perhaps implicit in the complaint is the idea that Fielder was a willful participant in joint action with the State or one of its agents, such is not alleged.

Since the Court cannot assume that Plaintiff can prove facts that she has not alleged, Plaintiff has failed to state a claim for which relief may be granted under Rule 12(b)(6).

**IT IS THEREFORE ORDERED** that *Defendant Fielder's 12(b)(6) Motion to Dismiss for Failure to State a Claim* [Doc. No. 8] is **GRANTED**, and the claims against Defendant Fielder are **DISMISSED WITHOUT PREJUDICE.**

_____
**UNITED STATES DISTRICT COURT**