IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MARIA RIOS, on her behalf and on
behalf of her minor son, D.R.,**

      **Plaintiffs,**

**vs.**                                                          **No. 08cv1213 JH/GBW
                                                                        Consolidated with**

**DOÑA ANA COUNTY, LINDELL**                    **No. 10cv00023 BB/CEG**
**WRIGHT, an investigator working
for the Doña Ana County Sheriff's
Department, BRENT EMMANUEL,
SUSAN RIEDEL, and JAMES DICKENS ,**

      **Defendants.**


**MAGISTRATE JUDGE'S
<u>FINDINGS OF FACT AND RECOMMENDED DISPOSITION</u>**[1]

**THIS MATTER** is before the Court pursuant to an Order of Reference (Doc. No. 122 ) for resolution of Defendant Susan Riedel and James Dickens' Motion to Dismiss Based Upon Absolute Immunity and Memorandum in Support Thereof **[ Doc. No. 95]** filed on June 23, 2010, and fully briefed on July 26, 2010.[2]  Having reviewed the motion, the memoranda in support and in opposition, and the applicable law, the Court finds that the motion is not well taken and recommends that the motion be denied.

---

[1] Within fourteen days after being served a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such analysis and recommendation.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation.  If no objections are filed, no appellate review will be allowed.

[2] Although Plaintiffs attached two exhibits to their response in opposition to Defendants' motion to dismiss, the Court did not consider these exhibits in reaching its decision.

### I.  Standard of Review

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  FED.R.CIV.P. 12(b)(6).  In ruling on a motion to dismiss, the court must accept the factual allegations of the complaint as true.  *Liebson v. New Mexico Corrections Dep't*, 73 F.3d 274, 275 (10th Cir. 1996).  The court construes the facts, and the reasonable inferences that might be drawn from them, in favor of the plaintiff.  *Beard v. City of Northglenn, Colo.*, 24 F.3d 110, 115 (10th Cir. 1994).  The inquiry for the court is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007)).  "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Id.*

### II.  Discussion

It is the nature of the function being performed and not the identity of the person as a prosecutor that determines whether absolute immunity exists.  *Buckley v. Fitzsimmons,* 509 U.S. 259, 273, 113 S.Ct. 2606, 2616 (1993).  Prosecutors are absolutely immune for those activities "intimately associated with the judicial phase of the criminal process."  *Imbler v. Pachtman,* 424 U.S. 409, 430-31, 96 S.Ct. 984, 995 (1976).  However, absolute immunity does not extend to "those aspects of the prosecutor's responsibility that cast him in the role of an administrator or investigative officer rather than that of advocate."  *Id.*

In *Burns v. Reed*, 500 U.S. 478, 111 S.Ct. 1934 (1991), the Supreme Court extended the doctrine of absolute immunity to some prosecutorial conduct occurring before trial.  The Court

found absolute immunity extended to "any hearing before a tribunal which performed a judicial function," including the presentation of testimony in support of an application for a search warrant. *Id.* at 490, 111 S.Ct. at 1941 (internal quotations omitted). "*Burns*, however, did not extend absolute immunity to every aspect of the prosecutor's legal advice to police. The Supreme Court concluded that advising police in the investigative phase of a criminal case could be too far removed from the judicial process to warrant extending immunity on that basis." *Mink v. Suthers*, 482 F.3d 1244, 1260 (10th Cir. 2007).

In *Burns,* Cathy Burns called the police to report that an unknown person had entered her house, knocked her unconscious, and shot and wounded her sons while they slept. The two police officers assigned to investigate the case viewed Burns as their primary suspect, even though she passed a polygraph examination and a voice stress test, submitted exculpatory handwriting samples, and repeatedly denied shooting her sons.

The officers decided to interview Burns under hypnosis because they surmised she had multiple personalities, one of which was responsible for the shootings. Unsure of whether hypnosis was an acceptable investigative technique, they sought the advice of Rick Reed, the Chief Deputy Prosecutor. Reed told the officers they could proceed with hypnosis. While under hypnosis, Burns referred to the unknown intruder as "Katie" and also referred to herself by that name. Interpreting that reference as supporting their multiple-personality theory, the officers detained Burns at the police station and sought the advice of Reed about whether there was probable cause to arrest her. After hearing about the statements Burns had made while under hypnosis, Reed told the officers they probably had probable cause to arrest her. Based on this advice, the officers placed Burns under arrest.

Burns was charged with attempted murder of her sons. However, before trial, the trial judge granted Burns's motion to suppress the statements given under hypnosis. Consequently, the prosecutor's office dropped all charges against Burns.

Burns then filed a §1983 action in federal court against several defendants, including Reed. Burns alleged violations of her rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Burns settled with several of the defendants, and the case proceeded to trial against Reed. After Burns presented her case, the District Court granted Reed a directed verdict, finding he was absolutely immune from liability for his conduct.

Burns appealed to the United States Court of Appeals for the Seventh Circuit, which affirmed. The Court of Appeals held that "a prosecutor should be afforded absolute immunity for giving legal advice to police officers about the legality of their prospective investigative conduct." *Burns v. Reed*, 894 F.2d 949, 956 (7th Cir. 1990).

The Supreme Court reversed as to this issue, noting:

> As the qualified immunity standard defense has evolved, it provides ample protection to all but the plainly incompetent or those who knowingly violate the law. Although the absence of absolute immunity for the act of giving legal advice may cause prosecutors to consider their advice more carefully, where an official could be expected to know that his conduct would violate statutory or constitutional rights, he *should* be made to hesitate. Indeed, it is incongruous to allow prosecutors to be absolutely immune from liability for giving advice to the police, but to allow police officers only qualified immunity for following the advice. Ironically, it would mean that the police, who do not ordinarily hold law degrees, would be required to know the clearly established law, but prosecutors would not.

*Burns*, 500 U.S. at 494-95, 111 S.Ct. 1934 at 1944. The Court rejected the government's argument that "giving legal advice is related to a prosecutor's role[ ] in screening cases for prosecution and in safeguarding the fairness of the criminal judicial process." *Id.* at 495.

The Tenth Circuit employs a "continuum based approach" and the "more distant a function is from the judicial process, the less likely absolute immunity will attach." *Mink,* 482 F.3d at 1261 (quoting *Roberts v. Kling*, 104 F.3d 316, 318-19 (10th Cir. 1997). Since "advocacy" is the prosecutor's main function and the one most akin to his quasi-judicial role, that is the determinative factor. *Id.* "When considering pre-indictment acts, it is important to consider other factors, such as (1) whether the action is closely associated with the judicial process, (2) whether it is a uniquely prosecutorial function, and (3) whether it requires the exercise of professional judgment." *Id*. (internal citations omitted). "[A] prosecutor is entitled to absolute immunity for those actions that cast him in the role of an advocate initiating and presenting the government's case. Absolute immunity, however, does not extend to those actions that are investigative or administrative in nature, including the provision of legal advice outside the setting of a prosecution." *Id.* at 1261-62.

In this case, Plaintiffs alleges that on September 25, 2008, Defendants advised "Sheriff Deputies that the facts at the Teakwood Inn warranted custodial interference charges." Pls.' Second Compl. ¶33.  Plaintiffs also allege that Defendants advised Officers Wright and Emmanuel to arrest and charge Plaintiff Rios with custodial interference. *Id.*, ¶54. Plaintiff Rios further alleges Defendants advised her detention and seizure. *Id.*, ¶60. Additionally, in their response, Plaintiffs allege Defendants made a probable cause determination "by telling [Officers Wright and Emmanuel] they had probable cause to arrest Plaintiff for custodial interference." Pls.' Resp. Mot. Dismiss at 7.

Defendants contend that as prosecutors they are absolutely immune from civil suit for monetary damages "for the charging decisions or probable cause determinations" they made in this case. Mot. Dismiss at 2. Specifically, Defendants argue,

5

> [P]laintiffs allege that the Deputy District Attorneys advised the Sheriff's Officers to arrest and charge plaintiff with custodial interference, and consequently, to place D.R. with his biological father Marvin Fielder. Plaintiffs suggest that the Deputy District Attorneys made a probable cause determination leading to this arrest, i.e., that they made a decision related to the initiation of prosecution. These are indeed matters that would call for the exercise of these Defendants' professional judgment as prosecuting attorneys employed by the State of New Mexico, and would amount to charging decisions by the Deputy District Attorneys when construed as plaintiffs suggest.

Defs.' Mot. Dismiss at 6-7. In support of their argument, Defendants cite to a number of cases in which absolute immunity applied to the prosecutors' actions. However, each of the cited cases is distinguishable.

In *Roberts v. Kling,* 144 F.3d 710 (10th Cir. 1998), the Court of Appeals afforded prosecutorial immunity to an investigator employed by the District Attorney's Office because under the functional approach defendant's actions in swearing out a complaint against plaintiff were prosecutorial in nature as he was *initiating a judicial proceeding* as part of the District Attorney's office. The Tenth Circuit found *Kalina*[3] left "untouched [its] affirmance of the district court's conclusion that Kling was entitled to absolute immunity for his actions in preparing a criminal complaint against Roberts and in seeking a warrant for her arrest." *Id.* at 711. The Tenth Circuit reasoned that Kling's conduct in signing and filing a criminal complaint against plaintiff, and in seeking a warrant for her arrest, was entitled to absolute immunity because those acts are a functional part of initiating a prosecution." *Id.*

---

[3] In *Kalina v. Fletcher*, 522 U.S. 118, 118 S.Ct. 502 (1997), the Supreme Court held that a prosecutor's activities in connection with the preparation and filing of two of the three charging documents, the information and the motion for an arrest warrant, were protected by absolute immunity, but her act in personally attesting to the truth of the averments in the Certification for Determination of Probable Cause was a function of a witness, not a lawyer, and denied the prosecutor absolute immunity as to this act.

In *Nielander v. Board of County Com'rs*, 582 F.3d 1155 (10th Cir. 2009), the Tenth Circuit, citing to *Kalina*, held that a county attorney was entitled to absolute immunity for filing a two-count Complaint/Information against the plaintiff for criminal felony threat.

In *Van Deelen v. City of Eudora, Kan.*, 53 F.Supp.2d. 1223 (D.Kan. 1999), the Tenth Circuit held the "[w]hen giving legal advice to police, a prosecutor is not performing a function closely associated with the judicial process and is protected only by qualified immunity." *Id.* at 1229. In *Van Deelen*, the plaintiff alleged that the prosecutor gave legal advice to the police chief that no further investigation would be required. *Id.* at 1231-32. The district court noted:

> When placed within its factual context, Diehl's advice is closely associated with his function as the State's advocate to decide whether to prosecute. Diehl purportedly made this statement only after the police had completed their investigation and turned over all the reports to his office. In this context, Diehl's statement is really nothing more than his communication to the police chief that he has reviewed the police reports and concurs with their conclusion that there is sufficient evidence in those reports on which to prosecute. The plaintiff simply has no legal authority for characterizing Diehl's particular statement here as legal advice within the parameters of *Burns*.

*Id.* at 1232.

In *Plaster v. Brown*, 2006 WL 240866 (W.D. Va. Feb. 1, 2006), the district court disagreed with the magistrate judge's finding that the prosecutor's conduct giving the sheriffs advice about the existence of probable cause constituted the "initiation of prosecution." The district court reasoned:

> Plaintiff alleges only that the Deputies sought Krantz's advice, and then went to the magistrate. Nothing in his complaint indicates that Krantz appeared before or even accompanied them to the magistrate, or ordered them to apply for the warrant. Under *Imbler* and its progeny, to qualify for absolute immunity the prosecutor's conduct must relate to the initiation and pursuit of a criminal prosecution and implicate the prosecutor's independent judgment as to which cases to bring and how to conduct them through the judicial process. Construed in the most favorable light, nothing in Plaintiff's allegations indicates that at the time the Deputies sought his advice, Krantz was also deciding whether the machinery of the state would be used to prosecute

7

>Plaintiff. At this time, Krantz had not yet had the opportunity to independently evaluate the merits of a case against Plaintiff. Thus, while this case is not on all fours with *Burns*, because the officers there sought advice regarding the propriety of a warrantless arrest, the logic of Burns supports the conclusion that Krantz is only entitled to qualified immunity for predicting the outcome of a probable cause hearing.

*Id.* at *3. In fact, this case supports Plaintiff's position. Therefore, the cases Defendants cite do not support their argument that they are entitled to absolute immunity.

Applying the standard articulated in *Burns and Mink*, the Court finds that Defendants are not entitled to absolute immunity as they were providing legal advice outside the setting of a prosecution. Accordingly, Defendants' motion to dismiss should be denied.

**Recommended Disposition**

The Court recommends that Defendants' Motion to Dismiss Based Upon Absolute Immunity be denied.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**